**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE A. TOLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:15-cv-633-GMN-PAL |
| ) | |
| LAS VEGAS METROPOLITAN POLICE ) | **ORDER** |
| DEPARTMENT et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On April 9, 2015, this Court issued an order denying the application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. (ECF No. 2 at 1-2). The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty days from the date of that order. (*Id.* at 2). The thirty-day period has now expired, and Plaintiff has not filed another application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court

1  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
2  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
3  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
4  (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at
5  1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

6       In the instant case, the Court finds that the first two factors, the public's interest in
7  expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor
8  of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal,
9  since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
10 ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
11 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly
12 outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a
13 party that his failure to obey the court's order will result in dismissal satisfies the "consideration of
14 alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779
15 F.2d at 1424. The Court's order requiring Plaintiff to file another application to proceed *in forma*
16 *pauperis* or pay the full filing fee within thirty days expressly stated: "IT IS FURTHER ORDERED
17 that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF
18 No. 2 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his
19 noncompliance with the Court's order to file another application to proceed *in forma pauperis* or pay
20 the full filing fee within thirty days.

21      **IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based
22 on Plaintiff's failure to file another application to proceed *in forma pauperis* or pay the full filing fee
23 in compliance with this Court's April 9, 2015, Order.

24      **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.
25      **DATED** this 2nd day of June, 2015.

26
27                                        Gloria M. Navarro, Chief Judge
                                        United States District Court
28