# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE A. TOLIVER, <br><br>  Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al., <br><br>  Defendants. | 2:15-cv-633-GMN-PAL <br><br> **ORDER** |

## I. DISCUSSION

On April 9, 2015, this Court entered an order directing Plaintiff to either file a fully complete application to proceed *in forma pauperis* or pay the full $400 filing fee for a civil action within 30 days from the date of that order. (ECF No. 2 at 2). On June 2, 2015, this Court entered an order dismissing the case without prejudice because Plaintiff failed to comply with that order. (ECF No. 4 at 2). The Clerk of the Court entered judgment on June 3, 2015. (ECF No. 5).

On June 15, 2015, Plaintiff filed a motion for reconsideration. (ECF No. 6 at 1). Plaintiff states that he did file an application to proceed *in forma pauperis* on April 29, 2015 but forgot to put his case number on the filing. (*Id.*). He thought that the clerk's office would look up his case number and file it for him. (*Id.*). However, he acknowledges that his other case, 2:14-cv-906-RFB-GWF, also asked for an application to proceed *in forma pauperis* around the same time and the clerk's office may have filed the application to proceed *in forma pauperis* in that case. (*Id.*). Plaintiff now attaches a copy of the financial certificate that he filed on April 29, 2015 along with the brass slip from the mail room used to take money from his account for postage. (*Id.*). Plaintiff seeks to reopen the case. (*Id.*).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court takes judicial notice that in case 2:14-cv-906-RFB-GWF there are multiple applications to proceed *in forma pauperis* filed in that case. Specifically, Plaintiff did not enter the case number on the application to proceed *in forma pauperis* docketed on May 5, 2015. (*See* CM/ECF 2:14-cv-906-RFB-GWF No. 23 at 1). The clerk's office entered case number 2:14-cv-906-RFB-GWF on that application and docketed the application to proceed *in forma pauperis* in that case. (*Id.*). The Court takes judicial notice that the application in question was signed by Plaintiff on April 29, 2015. (*Id.* at 3).

The Court grants Plaintiff's motion for reconsideration and reopens this case. The Court further directs the Clerk of the Court to file the application to proceed *in forma pauperis* mistakenly docketed in 2:14-cv-906-RFB-GWF at docket entry 23 and to file it in 2:15-cv-633-GMN-PAL. The Court will screen the complaint (ECF No. 1-1) filed in 2:15-cv-633-GMN-PAL.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall reopen this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the application to proceed *in forma pauperis* docketed in 2:14-cv-906-RFB-GWF at docket entry 23 in this case. That application to proceed *in forma pauperis* will be the operative application in this case.

**DATED** this 17th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court