UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE A. TOLIVER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER DOSS,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:15-cv-00633-GMN-PAL<br><br>**ORDER**<br><br>(Mot. for Subpoena – ECF No. 16;<br>Mot. Serve by Publication – ECF No. 17) |

    This matter is before the court on Plaintiff George A. Toliver's Motion for Order of Subpoena (ECF No. 16) and Motion for Service by Publication (ECF No. 17). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions.

    Mr. Toliver is a prisoner in the custody of the Nevada Department of Corrections and is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Mr. Toliver has received permission to proceed *in forma pauperis*. *See* Screening Order (ECF No. 9). Upon screening the complaint, the court determined that it stated a viable claim for a Fourteenth Amendment procedural due process violation against Defendant Officer Doss (P# 971) only. *Id*. Mr. Toliver was given leave to amend his Complaint (ECF No. 10) within 30 days, but he chose not to do so. *See* Order (ECF No. 13). The court therefore directed the Clerk of the Court to issue summons to Officer Doss and instructed Mr. Toliver to provide the U.S. Marshals Service ("USM") with the information for service. *Id*. He properly submitted a USM-285 form; however, the USM was unable to complete service at the address he provided because the name and P# were incorrect. *See* Unexecuted Summons (ECF No. 15).

    On January 21, 2016, Mr. Toliver filed his Motion for Order of Subpoena (ECF No. 16) asking the court to issue a subpoena to the Las Vegas Metropolitan Police Department

1 ("LVMPD"), Officer Doss' employer, to provide her correct full name, number, and new work
2 address if any. He attached as Exhibit B to his motion a copy of a notice he received describing
3 the incident with Officer Doss, which is the subject of this litigation. While this motion was still
4 pending, Mr. Toliver filed a Motion for Service by Publication (ECF No. 17) including an
5 affidavit of due diligence noting that the USM had unsuccessfully attempted service on Officer
6 Doss at the Clark County Detention Center on one occasion.

## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure[1] governs service of process. "Service of process" is a formal delivery of documents that is legally sufficient give the defendant notice of a pending action. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). Federal courts lack personal jurisdiction over a defendant unless the defendant has been properly served in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). Thus, strict compliance with the rules governing manner of service is required. *See*, *e.g.*, *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344, 347 (1999).

### I. SERVICE BY PUBLICATION

Rule 4(e)(1) allows for service upon individuals within the United States by personal delivery, leaving service at the individual's dwelling with a person of suitable age and discretion residing there, or delivering service to an agent "authorized by appointment or by law to receive service of process." Service on an individual may also be completed by following the law governing service of process "in the state where the district court is located or where service is made." *Id*. Like the Federal Rules, the Nevada Rules of Civil Procedure ("NRCP") requires parties to personally serve summons and the complaint upon a defendant; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service

---

[1] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure.

2

of summons." *Id*. There are several key factors courts look to in evaluating a party's due diligence in effecting service. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 106 Nev. 100, 103, 787 P.2d 785, 786–87 (1990), *rev'd on other grounds, NC–DSH, Inc. v. Garner*, 125 Nev. 647, 651 n.3, 218 P.3d 853, 857 n.3 (2009); *Abreu v. Gilmer*, 115 Nev. 308, 313–14, 985 P.2d 746, 749 (1999); *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1243–44 (1994).

Here, Mr. Toliver's Motion for Service by Publication (ECF No. 17) is premature. He has only demonstrated one attempt to serve Officer Doss; therefore, his affidavit does not demonstrate that service is impossible. Mr. Toliver must complete the subpoena process before publication will be considered. This motion is denied without prejudice.

**II.   SUBPOENAING DEFENDANT'S INFORMATION FOR SERVICE**

A court may dismiss an action without prejudice if the summons and complaint are not timely served on a defendant. Fed. R. Civ. P. 4(m); *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Prior to December 2015, Rule 4(m) stated that a defendant must be served within 120 days after a complaint is filed.[2] Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve the complaint.

In cases involving an incarcerated pro se plaintiff, the USM will serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Thus, an incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint and "should not be penalized by having his action dismissed for failure to effect service" if the USM or the court clerk failed to perform their duties. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, it is the plaintiff's responsibility to provide the USM with information necessary to identify each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). An

---

[2]   Rule 4(m) has since been amended to reduce the time for service to 90 days.

3

incarcerated plaintiff's reliance on the USM for service is only proper when he has provided the USM with accurate and sufficient information to effectuate service. *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22. To obtain the information required to serve a defendant, a plaintiff may use whatever resources and means are available to him, including the subpoena procedure authorized by Rule 45.

Here, Mr. Toliver properly submitted a USM-285 form. However, the USM was unable to complete service at the address he provided because LVMPD indicated that the name and P# he listed were incorrect. He timely filed the Motion (ECF No. 16) before the expiration of the service deadline asking for a subpoena to obtain additional information to complete service. Mr. Toliver has shown good cause to extend the time for service, and the court therefore extends the deadline to accomplish service on Officer Doss until **November 21, 2016**.

The court will direct the USM to serve the custodian of records for LVMPD with a subpoena *deuces tecum* to require LVMPD to disclose Officer Doss' full name, address, and phone number directly to the USM so it may again attempt service. However, Mr. Toliver is cautioned that he is ultimately responsible for providing the USM with accurate and sufficient information to effectuate service. If the USM is unable to serve Officer Doss and he wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address, or whether some other manner of service should be attempted. Pursuant to Rule 4(m), Mr. Toliver's failure to comply with this Order by accomplishing service by **November 21, 2016**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff George A. Toliver's Motion for Order of Subpoena (ECF No. 16) is GRANTED.
1. The deadline to accomplish service on Defendant Officer Doss is extended until **November 21, 2016.**
2. The Clerk of the Court shall reissue summons to Officer Doss.

4

3. The Clerk of the Court shall issue a subpoena *duces tecum* to the custodian of records for Las Vegas Metropolitan Police Department directing the custodian of records to provide directly to the USM Officer Doss' full name, address, and telephone number.

4. The Clerk of Court shall deliver one copy of the subpoena *duces tecum*, reissued summons, Complaint (ECF No. 10), Motion for Order of Subpoena (ECF No. 16), and this Order to the USM.

5. The USM shall promptly serve the subpoena *duces tecum*, Motion for Order of Subpoena (ECF No. 16), and this Order on the custodian of records for Las Vegas Metropolitan Police Department.

6. The custodian of records shall respond to the subpoena *duces tecum* within 14 days of service. The custodian shall provide its response to the USM, and the USM shall retain and file Officer Doss' address and phone number under seal.

7. The USM shall use the information received from the custodian of records to attempt to serve the summons and complaint on Officer Doss.

8. After attempting service, the USM shall redact the return of service form(s) so that Officer Doss' address and telephone number are not made publically available and file a notice with the court indicating whether Officer Doss was served.

9. If the USM is unable to serve Officer Doss, and Mr. Toliver wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for her, or whether some other manner of service should be attempted.

2. Mr. Toliver's failure to comply with this Order by serving Officer Doss by **November 21, 2016**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

3. Mr. Toliver's Motion for Service by Publication (ECF No. 17) is DENIED.

Dated this 19th day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5