UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE A. TOLIVER,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:15-cv-00633-GMN-PAL<br><br>**ORDER**<br><br>(Mot. for Service– ECF No. 32;<br>Mot. for Summons ECF No. 40) |

This matter is before the court on Plaintiff George A. Toliver's Motion for Service by Marshals (ECF No. 32) and Motion for Issuance of Summons (ECF No. 40). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Toliver is a prisoner in the custody of the Nevada Department of Corrections and he is proceeding in this case *pro se* and *in forma pauperis*. *See* Screening Order (ECF No. 9). Upon screening the complaint, the court determined that it stated a viable claim for a Fourteenth Amendment procedural due process violation against Defendant Officer Doss (P# 971) only. *Id*. Toliver was given leave to amend his Complaint (ECF No. 10) within 30 days, but he chose not to do so. *See* Order (ECF No. 13). The court therefore directed the Clerk of the Court to issue summons to Doss and instructed Mr. Toliver to provide the U.S. Marshals Service ("USM") with the information for service. *Id*. He properly submitted a USM-285 form; however, the USM was unable to complete service at the address he provided because the name and P# were incorrect. *See* Unexecuted Summons (ECF No. 15).

On January 21, 2016, Mr. Toliver filed a Motion for Order of Subpoena (ECF No. 16) asking the court to issue a subpoena to the Las Vegas Metropolitan Police Department

1  ("LVMPD"), Doss' employer, to provide her correct full name, number, and new work address if
2  any. He attached as Exhibit B to his motion a copy of a notice he received describing the incident
3  with Doss, which is the subject of this litigation. The court granted his motion and directed the
4  USM to serve the custodian of records for LVMPD with a subpoena *deuces tecum* to require
5  LVMPD to disclose within 14 days of service Officer Doss' full name, address, and phone number
6  directly to the USM so it may again attempt service. *See* Aug. 23, 2016 Order (ECF No. 24). The
7  USM served LVMPD with the Subpoena (ECF No. 26) on September 13, 2016, and filed proof of
8  service with the court. *See* Subpoena Returned Executed (ECF No. 30).

9  On October 26, 2016, Plaintiff filed the current Motion for Service by Marshals (ECF
10 No. 32) indicating that he had not received the requested information and requesting another order
11 directing the USM to serve another subpoena to LVMPD. Upon inquiry, the USM advised the
12 court that LVMPD had not complied with the Subpoena. *See* Nov. 3, 2016 Order to Show Cause
13 (ECF No. 33). Thus, the court ordered LVMPD to show cause, in writing, why it should not be
14 held in contempt and/or other sanctions imposed for violating the court's order and failing to
15 respond to the subpoena. The Order to Show Cause further stated that providing the subpoenaed
16 information to the USM or alternatively, having the Custodian of Records certify that LVMPD is
17 unable to provide the information and explaining why, would satisfy the court that sanctions were
18 not warranted.

19 On November 14, 2016, LVMPD filed a Response (ECF No. 36) to the Order to Show
20 Cause explaining that its Risk Management department inadvertently failed to respond to the
21 subpoena because there was a mix up with another of Plaintiff's civil rights actions, *Toliver v.*
22 *LVMPD*, Case No. 2:14-cv-00906-RFB-GWF. Additionally, LVMPD provided the information
23 requested in the Subpoena to allow the USM to reattempt service to Corrections Officer Lee Doss
24 (P#6305). *See* Response (ECF No. 36) at Exhibit 1.

25 Plaintiff subsequently filed the Motion for Issuance of Summons (ECF No. 40), asking the
26 Clerk of the Court to issue summons for service. He also expressed concern that the proof of
27 service deadline was approaching. The court finds that Mr. Toliver has shown good cause to
28 extend the time for service, and therefore extends the service deadline until **May 15, 2017**.

The court will direct the USM to reattempt service on Defendant Doss at the address LVMPD provided in Exhibit 1 of its Response. However, Mr. Toliver is cautioned that he is ultimately responsible for providing the USM with accurate and sufficient information to effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). If the USM is unable to serve Defendant Doss and he wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address, or whether some other manner of service should be attempted. Pursuant to Rule 4(m), Mr. Toliver's failure to comply with this Order by accomplishing service by **May 15, 2017**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

Having reviewed and considered the matter, and for good cause appearing,

**IT IS ORDERED:**

1. Plaintiff George A. Toliver's Motion for Service by Marshals (ECF No. 32) and Motion for Issuance of Summons (ECF No. 40) are GRANTED.
2. The Clerk of the Court shall reissue summons to Defendant Lee Doss (P#6305).
3. The Clerk of Court shall deliver one copy of the reissued summons, Complaint (ECF No. 10), LVMPD's Response to the Order to Show Cause (ECF No. 36), and this Order to the USM for service.
4. The USM shall use the information received from LVMPD in Exhibit 1 of its Response (ECF No. 36) to attempt to serve the summons and complaint.
5. After attempting service, the USM shall redact the return of service form(s) so that Defendant Doss' address and telephone number are not made publically available and file a notice with the court indicating whether Defendant Doss was served.
6. If the USM is unable to serve Defendant Doss, and Mr. Toliver wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for her, or whether some other manner of service should be attempted.
7. The deadline to serve Defendant Doss is extended until **May 15, 2017**.

/ / /

/ / /

8. Mr. Toliver's failure to comply with this Order by serving Defendant Doss by **May 15, 2017**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

Dated this 15th day of March, 2017.

                                              PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE