# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEORGE A. TOLIVER,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

        Defendants.

Case No.: 2:15-cv-00633-GMN-PAL

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 52), filed by Plaintiff George A. Toliver ("Plaintiff").[1] Defendant Lee Doss ("Defendant" or "Officer Doss") filed a Response, (ECF No. 55), and Plaintiff did not file a Reply. Also before the Court is Defendant's Counter Motion for Summary Judgment, (ECF No. 56).[2] Plaintiff filed a Response, (ECF No. 57), and Defendant filed a Reply, (ECF No. 59).[3] For the reasons stated herein, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## I.    BACKGROUND

This case arises out of alleged constitutional violations that occurred following an incident between Officer Doss and Plaintiff on December 15, 2014. (Compl. at 3, ECF No. 10). At all times relevant to this lawsuit, Plaintiff was an inmate at the Clark County Detention Center ("CCDC"). (*See id.* at 1). While in line for lunch, Plaintiff states that he received a food

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The Counter Motion for Summary Judgment, (ECF No. 56), was filed on behalf of both Officer Doss and Defendant Las Vegas Metropolitan Police Department ("LVMPD"). LVMPD, however, is no longer a party to this action pursuant to the Court's prior Order. (*See* Order, ECF No. 13).

[3] Plaintiff additionally filed an addendum to his Response, which the Court construes as a Motion to Supplement. (ECF No. 58). For good cause appearing, the Court grants Plaintiff's supplement.

tray with a "small" brownie, which prompted Plaintiff to ask Officer Doss for a different tray. (Pl.'s Deposition 40:2–12, Ex A. to Def.'s MSJ, ECF No. 56-2). After Officer Doss informed Plaintiff "no, you have to take what you get," Plaintiff decided to forego eating lunch and purportedly set the tray back down on the tray table. (*See id.* 40:18–41:6). In the incident report, however, Officer Doss asserts that Plaintiff "threw the tray towards the worker and other inmates in line. . . ." (Incident Report, Ex. A at 42 to Def.'s MSJ, ECF No. 56-3). While Plaintiff contests that he threw the tray at other inmates, Plaintiff admits that he did not set the tray down "nicely," and therefore Officer Doss "could have perceived" that he threw the tray. (Pl.'s Deposition 44:20–45:15, Ex A. to Def.'s MSJ).

Following the incident, Sgt. Burleson and Sgt. Laird transported Plaintiff to the disciplinary unit, where Plaintiff was charged with disrupting the module and refusing to obey a direct order of staff. (*See id.* 48:12–25); (*see also* Incident Report, Ex. A at 42 to Def.'s MSJ). On December 17, 2014, Officers Kegley and Sands conducted the disciplinary hearing against Plaintiff. (Kegley Decl. ¶ 5, Ex. B to Def.'s MSJ, ECF No. 56-4). At the hearing, Plaintiff provided the statement: "I did not throw no tray. I just set it on the table." (*Id.* ¶ 6). To support this assertion, Plaintiff allegedly requested the video tape of the incident, but the officers declined to produce the video. (Pl.'s Deposition 54:23–55:3, Ex. A-2. to Def.'s MSJ, ECF No. 56-3). According to Officer Kegley, CCDC surveillance videos were not accessible to hearing officers at conduct adjustment hearings. (Kegley Decl. ¶ 13, Ex. B to Def.'s MSJ). Ultimately, the hearing officers found Plaintiff guilty of the charges and issued Plaintiff fifteen days in the disciplinary unit. (*Id.* ¶¶ 14–16).

On April 6, 2015, Plaintiff initiated the instant action, asserting three claims under 42 USC § 1983 against LVMPD and Officer Doss: (1) illegal arrest; (2) false imprisonment; and (3) health hazard negligence. (Compl., ECF No. 1-1). On September 28, 2015, the Court issued a screening order, which re-interpreted Plaintiff's claims as: (1) a Fourteenth Amendment due

process violation; and (2) an Eighth Amendment violation for deliberate indifference to conditions of confinement. (*See* Screening Order 4:10–15, ECF No. 9). In the screening order, the Court dismissed all claims against LVMPD without prejudice and permitted the Fourteenth Amendment claim to proceed against Officer Doss. (*Id.* 9:2–11). The Court granted Plaintiff leave to amend on his claims against LVMPD, but Plaintiff declined to amend the Complaint. (*See* Notice, ECF No. 11). Accordingly, the only remaining claim at issue before the Court is Plaintiff's Fourteenth Amendment due process claim against Officer Doss. (*See* Order, ECF No. 13).

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing

the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in

his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

Plaintiff alleges that Defendant violated his due process rights by: (1) refusing to let him call witnesses and review the video of the incident during the disciplinary hearing; and (2) confining him to a holding cell for 47 out of 48 hours as part of his discipline. (*See* Compl. at 3–6).  The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672–73 (1977); *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).  In order to be held individually liable for a due process deprivation under 42 USC § 1983, a person acting under color of law must have personally participated in the deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  That is, the official must have caused the constitutional injury. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978).

Defendant argues that summary judgment on Plaintiff's due process claim is appropriate because Plaintiff has failed to establish individual liability against Defendant. (Def.'s MSJ 8:26–9:3, ECF No. 56).  The Court agrees.  Here, Plaintiff has provided no evidence to demonstrate that Defendant was personally involved in any of the alleged due process violations.  To the contrary, by Plaintiff's own admission, Defendant had no involvement in the at-issue disciplinary hearing, and therefore any decisions regarding the presentation of witnesses or video evidence cannot be attributed to Defendant. (*See* Pl.'s Deposition 46:3–7, Ex A. to Def.'s MSJ).  With respect to conditions of confinement following the disciplinary ruling,

Plaintiff has likewise provided no evidence to implicate Defendant's involvement. In fact, based on the record, Defendant's only involvement in this case is limited to her initial written report of the incident in the lunch room. (*Id.*). Accordingly, Defendant is entitled to summary judgment on Plaintiff's remaining Fourteenth Amendment due process claim. *See Taylor*, 880 F.2d at 1045.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 52), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Counter Motion for Summary Judgement, (ECF No. 56), is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __19__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge